# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL E. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV13 CEJ |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court are plaintiff's motions to amend his complaint and to "amend joint proposed scheduling plan," which the Court will construe as a motion to stay the instant case. Defendant has not responded to the motions, and the time allowed for doing so has expired.

Plaintiff filed this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., against his employer, the City of St. Louis Fire Department. Plaintiff alleges that he was discriminated against on the basis of his race in the terms and conditions of his employment, as well as subjected to a racially hostile work environment. Additionally, plaintiff claims that after complaining of racial discrimination and/or harassment, he was subjected to unlawful retaliation and given unwarranted disciplinary action.

A.  **Motion to Amend Complaint**

Plaintiff seeks to amend his complaint by interlineation, to modify the way defendant is identified, and to supplement his prayer for relief. Specifically, plaintiff seeks to identify defendant as "City of St. Louis, Missouri, St. Louis Fire Department." As defendant identified in its Answer [Doc. #5], the St. Louis Fire Department is a department within the City of St. Louis. Accordingly, the Court will grant plaintiff's request to name the City of St. Louis as the proper defendant in this action.

Plaintiff's request to modify his prayer for relief will, however, be granted in part and denied in part. Plaintiff's proposed supplement to his prayer for relief is stated as follows:

> I would like discipline to be no less than demotion in rank or firing. I would like to request damages of $100,000.00 dollars for actual damages and pain and suffering. I would like $500,000.00 dollars in punitive damages.

Pursuant to Federal Rule of Civil Procedure 15, leave to amend should be freely given, unless such amendment would, for example, be futile. Dennis v. Dillard Dep't Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000). Plaintiff's proposed request for punitive damages would indeed be futile, as punitive damages may not be recovered for violations of Title VII by a "government, governmental agency or political subdivision." 42 U.S.C. § 1981a(b)(1); see also Spinks v. City of St. Louis Water Div., 176 F.R.D. 572, 574 (E.D.Mo.1997); Johnson v. Metro. Sewer Dist., 926 F.Supp. 874, 876

(E.D.Mo.1996); Lee v. Junior Coll. Dist., Case No. 4:94CV415-CDP, 1995 WL 363428 at *1 (E.D.Mo. Nov. 17, 1994). Accordingly, the Court will grant plaintiff's request to supplement his prayer for relief, with the exception of his request for punitive damages.

B. **Motion to Amend Joint Proposed Scheduling Plan**

In his motion to "amend joint proposed scheduling plan," plaintiff informs the Court that he has filed a second charge of discrimination against defendant alleging retaliation. In his newest charge of discrimination, filed on June 25, 2008, plaintiff asserts that after the filing of the present lawsuit he was transferred to "an undesirable, more difficult, work location" as retaliation for the exercise of his civil rights. Plaintiff states that he has requested a notice of right to sue from the Equal Employment Opportunity Commission, and that the EEOC forwarded his request to the Department of Justice, which has not yet responded to the request. Accordingly, plaintiff seeks a "suspension of the [Case Management Order] until two weeks after receiving right to sue letter."

What plaintiff is essentially seeking is an indefinite stay of this proceeding until such time as he is issued a right to sue letter from the DOJ. As plaintiff is aware, there is no way of knowing how long it might be before the DOJ concludes an investigation into plaintiff's newest charge of discrimination and issues a right to sue. Therefore, the

Court will deny plaintiff's motion to indefinitely stay this case. The Court will, however, consider any motion plaintiff may file for leave to amend the complaint to assert new claims after plaintiff receives his notice of right to sue.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend his complaint [Doc. #11] is **granted in part**. Plaintiff's shall be permitted to amend the complaint to name the City of St. Louis as the defendant and to include requests for compensatory damages and damages for pain and suffering in the prayer for relief. Plaintiff's request to amend the complaint to include a request for punitive damages is **denied**.

**IT IS FURTHER ORDERED** that the Clerk shall modify the docket report to reflect the City of St. Louis as the defendant.

**IT IS FURTHER ORDERED** that plaintiff's motion to "amend joint proposed scheduling plan" [Doc. #12] is **denied**.

Dated this 30th day of July, 2008.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE